[Cite as *State v. Jackson*, 2024-Ohio-2728.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-230583 |
| | | TRIAL NO. 23CRB-11929 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| AKIELE JACKSON, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: July 19, 2024

*Emily Smart Woerner*, City Solicitor, *William T. Horsely*, Chief Prosecuting Attorney, and *Victoria L. Lowry*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *David Hoffmann*, Assistant Public Defender, for Defendant-Appellant.

**BOCK, Presiding Judge.**

{¶1} In a single assignment of error, defendant-appellant Akiele Jackson appeals her conviction for misdemeanor assault. Jackson challenges the trial court's finding that the state rebutted her self-defense claim. After reviewing the record, we cannot say the trial court lost its way when it found credible the victim's testimony that Jackson was at fault for the altercation. The trial court was in the best position to assess witness credibility and reasonably determined that damage to Jackson's car created a tense situation that culminated with Jackson striking the victim. The trial court's finding did not result in a manifest miscarriage of justice that requires a reversal and a new trial. Therefore, we overrule the sole assignment of error and affirm Jackson's conviction.

## I.     Facts and Procedure

{¶2} On July 4, 2023, T.C., the victim of the assault, and her daughter attended a Fourth of July party at East Fork State Park. Jackson, who also attended the party, knew T.C.'s cousin. At some point during the party, T.C. told Jackson that T.C.'s daughter had crashed her car into Jackson's parked car. Jackson wanted to handle the issue through insurance, which would require a police report, but T.C. and her daughter preferred not to involve the police. Jackson relented to T.C. and her daughter's request. There was conflicting testimony about what followed.

{¶3} Jackson testified that she was angry when she learned her car had been damaged and suspected T.C. and her daughter would not pay for the damage. Hours later, Jackson, along with the rest of the party, drove to a firework display on Windham Avenue in Cincinnati. During her drive, Jackson discovered that T.C.'s daughter posted on Facebook about Jackson's car and made light of the situation. At the

firework display, Jackson approached T.C. Jackson testified that she had planned to ask T.C. about the Facebook post when T.C.'s daughter struck Jackson from behind. Jackson was standing between T.C. and her daughter, and the three were surrounded by T.C.'s family. Jackson felt she had to defend herself, so she struck T.C.

{¶4} T.C. offered a different story. She testified that at East Fork State Park, T.C. was unaware of any tension between herself and Jackson following her discussion with Jackson about the car damage and how it would be remedied. According to T.C., she was with family members at the firework display when Jackson approached and stabbed her, resulting in a laceration from her forehead to the bottom of her eyebrow.

{¶5} Presented with conflicting testimony about who initiated the altercation, the trial court considered Jackson's and T.C.'s motivations and determined that Jackson's frustration about the car damage was exacerbated by the Facebook post and prompted the confrontation at the firework display. The trial court found that Jackson attacked T.C., T.C.'s daughter came to her mother's defense, and Jackson used her keys as a weapon. The trial court found that Jackson did not act in self-defense because there had been no testimony that T.C. had been the aggressor.

{¶6} The trial court sentenced Jackson to 180 days of incarceration, with 90 days suspended, and one year of probation. Jackson appeals her conviction.

## II.   Law and Analysis

{¶7} Jackson raises one assignment of error and maintains the state failed to disprove her self-defense claim. Jackson claims that the evidence proves that she acted out of a reasonable fear of T.C. at the firework display and that the trial court erred when it found that she attacked T.C. with her keys. The crux of her arguments is that her testimony was credible and T.C.'s was not.

{**¶8**}   As an initial matter, Jackson argues that we should review the trial court's rejection of her self-defense claim for an abuse of discretion, citing *State v. Wilcox*, 1st Dist. Hamilton No. C-220472, 2023-Ohio-2940. In *Wilcox*, however, we explained that the state's rebuttal of a defendant's self-defense claim is an "issue * * * of manifest weight." *Id.* at ¶ 35. Therefore, we must determine if the trial court's finding that the state successfully rebutted her self-defense claim is against the manifest weight of the evidence.

{**¶9**}   A manifest-weight review requires this court to sit as a "thirteenth juror." *State v. Thompkins*, 78 Ohio St.3d 380, 388, 678 N.E.2d 541 (1997). We review the record, consider witness credibility, and determine if the "trier of fact clearly lost its way and created a manifest miscarriage of justice." *State v. Powell*, 1st Dist. Hamilton No. C-190508, 2020-Ohio-4283, ¶ 16, citing *Thompkins* at 397. When evidence may be interpreted in different ways, this court must interpret it as being consistent with the judgment. *State v. Jordan*, 1st Dist. Hamilton No. C-210603, 2022-Ohio-2566, ¶ 58.

{**¶10**}   In Ohio, a person may use nondeadly force in self-defense if "(1) the defendant was not at fault in creating the altercation; (2) the defendant had reasonable grounds to believe that she was in imminent danger of bodily harm; and (3) the only way to protect herself from the danger was using force and she did not use more force than was reasonably necessary to defend herself against the imminent danger of bodily harm." *State v. Ridley*, 1st Dist. Hamilton No. C-210458, 2022-Ohio-2561, ¶ 15. When the defendant meets the initial burden of producing evidence that "tends to support" a self-defense claim, the burden shifts to the state to disprove one element of the self-

4

defense claim beyond a reasonable doubt. *See* R.C. 2901.05(B)(1); *see also Ridley* at ¶ 16 and 19.

**{¶11}** Jackson argues that the evidence established she had a reasonable fear of T.C. at the firework display and that the trial court erred when it found that she attacked T.C. with her keys, dismissing her self-defense claim. The state appears to concede that Jackson's testimony at her trial constitutes evidence that tends to support a self-defense claim. Assuming without deciding that Jackson met her initial burden, the burden shifted to the state to disprove beyond a reasonable doubt one of the elements of self-defense. *Id.* Because the elements of a self-defense claim are "cumulative, * * * a defendant's claim of self-defense fails if any one of the elements is not present." *Ridley* at ¶ 15.

**{¶12}** Jackson maintains that "loud and obnoxious" behavior caused her to feel the need to defend against bodily harm. Jackson also contends that because T.C. and her daughter "acted in concert" at East Fork State Park, she reasonably believed the two were acting in concert at the firework display. Jackson argues that this belief, along with T.C.'s daughter striking the first blow, T.C.'s behavior, and being surrounded by T.C.'s family, collectively justified Jackson's use of force.

**{¶13}** First, it is well-established that "words alone 'will not constitute sufficient provocation to incite the use of force in most situations.' " *State v. Murray*, 7th Dist. Mahoning No. 18 MA 0031, 2019-Ohio-5459, ¶ 32, quoting *State v. Teal*, 2017-Ohio-7202, 95 N.E.3d 1095, ¶ 53 (6th Dist.). Second, the trial court ultimately found that Jackson attacked T.C. We have explained that "a person may not provoke an assault or voluntarily enter an encounter and then claim a right of self-defense." *State v. Smith*, 1st Dist. Hamilton No. C-190507, 2020-Ohio-4976, ¶ 53 (collecting

cases). Indeed, a defendant who " 'willingly advanced toward a volatile situation' " is considered at fault for a physical altercation. *Id.*, quoting *State v. Sekic*, 8th Dist. Cuyahoga No. 95633, 2011-Ohio-3978, ¶ 15.

{¶14} This case turned on the credibility of two witnesses with competing accounts of the fight. Jackson testified that she was angered by the damage to her car and infuriated by T.C.'s daughter's online comments. This testimony comports with T.C.'s account of the altercation and supports the trial court's finding that Jackson's heightened emotional state prompted the fight with T.C.

{¶15} According to Jackson, concluding that she created the volatile situation is illogical, as anyone would reasonably doubt T.C.'s version of the assault. Because T.C. testified that Jackson approached and struck T.C. without any apparent provocation while surrounded by more than 100 of T.C.'s family members, Jackson claims that the trial court unreasonably accepted T.C.'s characterization of the event.

{¶16} While a reviewing court must consider witness credibility when addressing a manifest-weight challenge, this court typically defers to a trial court's credibility findings unless it "clearly lost its way." *See State v. Blount*, 1st Dist. Hamilton No. C-180296, 2019-Ohio-3498, ¶ 9, citing *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus. This court has held that the "trier of fact is in the best position to judge the credibility of the witnesses and the weight to be given to the evidence presented." *State v. Bullock*, 1st Dist. Hamilton Nos. C-210256 and C-210257, 2022-Ohio-925, ¶ 14. Only in " 'exceptional cases in which the evidence weighs heavily against the conviction' " will this court reverse the trial court's decision to convict the defendant. *State v. Sipple*, 1st Dist. Hamilton No. C-

6

190462, 2021-Ohio-1319, ¶ 7, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶17} Finally, Jackson maintains that she offered a credible account of what transpired and T.C. did not. But a defendant's "conviction [i]s not against the manifest weight of the evidence merely because the [factfinder] chose to believe the state's witnesses over the defense's witnesses." *State v. Robinson*, 12th Dist. Butler No. CA2018-08-163, 2019-Ohio-3144, ¶ 30; *see In re J.C.*, 1st Dist. Hamilton No. C-210318, 2022-Ohio-850, ¶ 29. Again, determining the credibility of the evidence is primarily the job of the trier of fact. *See State v. Bryan*, 101 Ohio St.3d 272, 2004-Ohio-971, 804 N.E.2d 433, ¶ 116; *see also State v. Ojile*, 1st Dist. Hamilton Nos. C-110677 and C-110678, 2012-Ohio-6015, ¶ 56. The trial court could have reasonably concluded that Jackson's heightened emotional state, caused by the damage to her car and the inflammatory Facebook post, prompted Jackson to reapproach a tense situation and attack T.C. We defer to the trial court's credibility findings in this case.

{¶18} After reviewing the record, we hold that the trial court did not lose its way or create a manifest miscarriage of justice when it found that Jackson was at fault for causing the altercation. Further, we hold that the state successfully disproved beyond a reasonable doubt Jackson's self-defense claim.

### III.   Conclusion

{¶19} We overrule Jackson's assignment of error and affirm her conviction.

Judgment affirmed.

**BERGERON** and **KINSLEY, JJ.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.