[Cite as *State v. Graves*, 2025-Ohio-5332.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | APPEAL NO. C-250194<br>TRIAL NO. B-2405146 |
|     Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *JUDGMENT ENTRY* |
| WILLIAM GRAVES, | : | |
|     Defendant-Appellant. | : | |

This cause was heard upon the appeal, the record, the briefs, and arguments.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 11/26/2025 per order of the court.**

**By:**_____
      **Administrative Judge**

[Cite as *State v. Graves*, 2025-Ohio-5332.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-250194 |
| | | TRIAL NO. B-2405146 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| WILLIAM GRAVES, | : | *O P I N I O N* |
| Defendant-Appellant. | : | |


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: November 26, 2025


*Connie Pillich,* Hamilton County Prosecuting Attorney, *Norbert Wessels,* Assistant Prosecuting Attorney, and *Maia Chess*, Legal Intern, for Plaintiff-Appellee,

*Arenstein & Gallagher* and *Elizabeth Conkin*, for Defendant-Appellant.

**NESTOR, Judge.**

{¶1} Following a 911 call and the dispatch of law enforcement officers, a grand jury indicted defendant-appellant William Graves on one count of burglary. After a bench trial, the trial court found Graves guilty and sentenced him to an indefinite prison term of two to three years. He now appeals, asserting that the trial court's judgment was based on insufficient evidence and against the manifest weight of the evidence. Because the record contains sufficient credible evidence to support the trial court's judgment, we overrule both assignments of error and affirm the conviction.

## I. Factual and Procedural History

{¶2} On the morning of October 19, 2024, Graves came to the door of Doneshia Bolden. The two had been in a romantic relationship for about two years, but Bolden had not invited Graves over that morning. Despite the apartment being a secure complex requiring authorization for entry, Graves entered without Bolden's permission. He knocked on her locked apartment door, but she did not open it or let him in. According to Bolden, Graves became frustrated and kicked the door several times, damaging the lock before forcing entry. Bolden testified she tried to hold the door shut with her foot, which caused damage to the bottom of the door.

{¶3} During the incident, Bolden called 911 and requested police assistance. In the background of the call, the recording picked up Graves saying that Bolden had stabbed him and that he wanted her to go to jail. Bolden indicated to the operator that no stabbing had occurred, describing instead a struggle—or "tussling"—over Bolden's apartment and car keys.

{¶4} At trial, Bolden testified that during the struggle, Graves pushed her, causing her to hit her head. Bolden also injured her hand; she characterized both

3

injuries as minor and not requiring medical attention. The court admitted into evidence photographs of Bolden's hand injury and the damage to the apartment door, along with the 911 call recording and footage from Officer Lindsay Anderson's body-worn camera at the bench trial.

{¶5} Officer Anderson was one of four officers dispatched to the scene after the 911 operator advised him that he was responding to a potential stabbing. When the police arrived, Officer Anderson knocked on the apartment door, and Bolden came out of the apartment alone. Officers initially placed her in handcuffs to secure the scene, but after determining that Graves had fled and that Bolden appeared to be the victim, they released her. Officer Anderson testified that the door showed significant damage consistent with forced entry, though he could not say when the damage occurred.

{¶6} Bolden also testified that Graves took several of her belongings during the incident. These included an Amazon Fire Stick, medication, a bracelet, and a debit card. Graves returned some of these items about a month later. On the day of the incident, Bolden only told Officer Anderson about the Fire Stick and medication because she did not notice that other items were missing.

{¶7} On November 1, 2024, a grand jury indicted Graves on one count of burglary in violation of R.C. 2911.12(A)(1). At a pretrial bond hearing held on November 22, 2024, Graves appeared alongside Bolden, in violation of a temporary protection order. During the hearing, Bolden indicated she wanted the court to drop or reduce the charges. At trial, she testified that Graves had contacted her from jail and urged her to make that request. She stated that she ultimately chose to move forward with the case after seeing no change in his behavior.

{¶8} Following a bench trial on January 24, 2025, the court found Graves

guilty of burglary. The court sentenced Graves to an indefinite term of two to three years of incarceration.

{¶9} Graves now appeals to this court, asserting two assignments of error. He first argues that the trial court's judgment was based on legally insufficient evidence. Second, he claims that the trial court's judgment was against the manifest weight of the evidence.

## II. Analysis

### A. First Assignment of Error

{¶10} In his first assignment of error, Graves argues that the trial court's judgment was based on legally insufficient evidence. Specifically, he contends that the State relied solely on the testimony of Bolden, whose account he characterizes as inconsistent and not credible.

{¶11} In reviewing a challenge to the sufficiency of the evidence, an appellate court must determine "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Smith*, 80 Ohio St.3d 89, 113 (1997), quoting *State v. Jenks,* 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶12} To support a conviction under R.C. 2911.12(A)(1), the State needed to prove that Graves (1) trespassed by force, stealth, or deception, (2) in an occupied structure or separately secured portion thereof, (3) when another person was present, and (4) with the purpose to commit any criminal offense.

{¶13} Here, the State presented sufficient evidence to establish each element of the offense. First, Bolden testified that Graves arrived at her apartment uninvited and kicked in the locked front door, causing new damage to the lock and lower door.

In addition, Officer Anderson testified that the damage was "extensive," and consistent with forced entry. This evidence was sufficient for a rational trier of fact to establish trespass by force.

**{¶14}** Second, Bolden testified she was inside the apartment at the time of entry, satisfying the requirement that another person be present within the occupied structure. Third, the record provides ample evidence from which the trial court reasonably concluded that Graves entered the apartment with the intent to commit a criminal offense. Bolden testified that during the incident, Graves took her personal belongings and moreover, recounted a physical altercation in which Graves pushed her, causing her to hit her head, and described how they struggled over her keys. This combination of theft and violent conduct supports an inference that Graves acted with criminal intent upon entering the premises.

**{¶15}** Graves argues that the conviction should not stand because it was based solely on Bolden's testimony, which he alleges was internally inconsistent and therefore insufficient to support the verdict. This argument, however, misstates the standard of review. A sufficiency challenge addresses whether the State presented evidence on each element of the offense, not whether the evidence was believable. *See State v. Yarbrough,* 2002-Ohio-2126, ¶ 78-79. Questions of credibility, including whether a witness's testimony was consistent or persuasive, are reserved for the trier of fact and are not properly reviewed under a sufficiency standard. *Id.* at ¶ 79.

**{¶16}** Accordingly, we overrule Grave's first assignment of error.

### B. Second Assignment of Error

**{¶17}** In his second assignment of error, Graves argues that the trial court's judgment was against the manifest weight of the evidence, again asserting that Bolden's testimony was inconsistent and not credible.

6

**{¶18}** When deciding whether a judgment entered by the trial court is against the manifest weight of evidence, the appellate court "must always be mindful of the presumption in favor of the finder of fact." *Eastley v. Volkman,* 2012-Ohio-2179, ¶ 21. The manifest weight of evidence standard refers to whether there is a "'greater amount of credible evidence . . . to support one side of the issue rather than the other.'" *State v. Thompkins,* 78 Ohio St.3d 380, 387 (1997), quoting Black's Law Dictionary (6 Ed. 1990). The court must look to and weigh the "'evidence and all reasonable inferences, consider[ing] the credibility of witnesses and determine[] whether . . . the [fact finder] clearly lost its way and created such a manifest miscarriage of justice'" so as to justify reversal. *Id.*, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist. 1983). This is an exceptional remedy that we reserve for cases where "the evidence weighs heavily against the conviction." *State v. Cook,* 2024-Ohio-4771, ¶ 27 (1st Dist.).

**{¶19}** Here, Graves challenges the credibility of the State's primary eyewitness, Bolden, alleging that her testimony contained significant inconsistencies, omissions, and misrepresentations that undermine the State's proof beyond a reasonable doubt. Specifically, he points to her failure to mention forced entry during the 911 call, her admission that she called 911 out of frustration rather than fear, and her purported statement that the charges were a "misunderstanding."

**{¶20}** However, it is within the province of the trial court to assess witness credibility and resolve conflicts in the evidence. *State v. Jackson*, 2024-Ohio-2728, ¶ 16 (1st Dist.). The trial court was entitled to weigh these inconsistencies in context and found Bolden's testimony credible and supported by corroborating evidence. Photographs admitted at trial show extensive damage to Bolden's apartment door, consistent with forced entry, and Officer Anderson testified to observing this damage, reinforcing the claim.

**{¶21}** Moreover, the 911 call's omission of forced entry is understandable given the chaotic circumstances in which Bolden made the call. This context reasonably explains any perceived omission without discrediting the overall reliability of Bolden's account.

**{¶22}** We hold that the trial court did not lose its way or create a manifest miscarriage of justice in convicting Graves of burglary. The trial court, as the ultimate trier of fact, was in the best position to evaluate the credibility of the witnesses and the evidence presented. Reversing a conviction on manifest-weight grounds is an extraordinary action reserved only for the most "exceptional case in which the evidence weighs heavily against the conviction." *Martin*, 20 Ohio App.3d at paragraph three of the syllabus. This is not one of those extraordinary cases where the trial court lost its way. Accordingly, the conviction was not against the manifest weight of the evidence.

**{¶23}** For these reasons, we overrule Grave's second assignment of error.

### III. Conclusion

**{¶24}** Having overruled Graves's assignments of error, we affirm the trial court's judgment convicting Graves of burglary.

Judgment affirmed.

**KINSLEY, P.J.,** and **BOCK, J.,** concur.